489 P.2d 109

The STATE of Utah, Plaintiff and Respondent,

v.

Larry JIRON, Defendant and Appellant.

No. 12092.

Supreme Court of Utah.

Sept. 28, 1971.

Merrill G. Hansen, of Day & Hansen, Salt Lake City, for defendant appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

.TUCKETT, Justice:

The defendant was found guilty of the crime of burglary and he is here seeking to have that conviction reversed and the case remanded for a new trial.

On November 18, 1969, a store known as Duncan Electric in Bountiful, Utah, was burglarized and a number of television sets were removed from the building. Following that occurrence some of the television sets which had been taken in the burglary were recovered from the home of Roy Jiron, a brother of the defendant.

The case for the State was made chiefly by the testimony of the accomplices who participated in the burglary with the defendant. Defendant claims that there was insufficient corroborating evidence which without the aid of the testimony of accomplices tended to connect him with the commission of the offense charged against him. During the trial, Mrs. Christine Jiron, the wife of Roy and sister-in-law of the defendant, testified that on November 18, 1969, after she had returned from work in the afternoon of that day, she observed a number of television sets in her home. Thereafter the defendant called on the phone and during the conversation stated that he had brought some television sets to the house and that he would remove them that night. This evidence was sufficient without the aid of the testimony of the accomplices to implicate the defendant in the commission of the offense. The weight of the evidence was for the jury.

The defendant further claims that the trial court erred in not permitting him to show that the State's witness, Frederick Leslie Palmer, was addicted to the use of drugs on or about the time the crime was committed and that he had recently been discharged from the navy for reasons of emotional instability. The record reveals that Palmer denied that he was addicted to the use of drugs although he had experimented with their use. The record does not support defendant's contention that the witness was incompetent to testify. Nor does the record support a conclusion that the witness's powers of observation, his ability to remember, and his ability to state the facts were at all impaired.[1] The competency is ordinarily for the trial court to determine. The fact the witness may have been discharged from military service for instability would in no way affect his competency to testify.[2]

We find no errors in the record which would require a reversal of the defendant's conviction. The verdict and the judgment of the court below are affirmed.

CALLISTER, C. J., and ELLETT, HENRIOD, and CROCKETT, JJ., concur.

1. People v. Ortega, 2 Cal.App.3d 884, 83 Cal.Rptr. 260; United States v. Kearney, 136 U.S.App.D.C. 328, 420 F.2d 170.

2. State v. Spotted Hawk, 22 Mont. 33, 55 P. 1026, 1035.